# IN THE MATTER OF JOSÉ VILLA ESPITERY,
## Bankrupt.

---

San Juan, Bankruptcy, No. 83.

### FIXING FEES OF ATTORNEY FOR TRUSTEE.

**Bankruptcy—Attorneys' Fees.**

The intention of the bankruptcy law is to keep all fees, whether of officers or attorneys, within strict limits. But this is to be considered in connection with all the circumstances of the case in question. If the case is a novel one, presenting difficult questions, and from its nature the attorney has to rely upon success for any fee at all, the court will approve a larger allowance than under other circumstances. Twenty-five per cent of the recovery is allowed in the case at bar.

Opinion filed July 11, 1914.

---

*Mr. H. G. Molina* for trustee *pro se.*

---

NOTE.—As to allowance of attorneys' fees in bankruptcy cases, see note in 54 L.R.A. 826.

In the Matter of Espitery.

HAMILTON, Judge, delivered the following opinion:

This matter comes up upon a petition to review the action of the referee allowing $500 attorney's fee to the trustee's attorney, largely for services in a suit of Enrique Cerecedo v. José María Calderón in this court. The attorney has already been paid $250 on general account, in addition to the $500 allowed by the order now sought to be reviewed.

The intention and construction of the bankruptcy law is to keep all fees within strict limits. This, however, is to be considered in connection with the circumstances of the cases as they come up. In this particular instance the court is aware of the services performed by the attorney, probably more fully informed than was the referee. The case itself was a novel one and presented many difficult questions. The amount recovered was $2,858. The fee for the services of the attorney was to a large extent contingent, because if he had lost, the fund otherwise realized was so small as not to justify a large allowance.

Under these circumstances, the court feels justified in making a larger allowance than would be usual, and, in view of all the facts of the case, it is thought a fee of 25 per cent upon the actual recovery would not be excessive. The order of the referee, therefore, is modified, and a fee of $714.50 will be allowed.

The amount heretofore paid is hardly more than is proper for services otherwise rendered in the bankruptcy matters, and so need not be taken into account in the present proceeding.